STATE OF MARYLAND, FOR THE USE OF JEMIMA SMITH,

*vs.*

THE HAGERSTOWN AND FREDERICK RAILWAY
COMPANY.

*Illegitimate Child—Action for Death.*

Code, Art. 67, sec. 2, authorizing an action for wrongful
death, does not enable the mother of an illegitimate child to
maintain an action for the child's death.

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Frederick County
(WORTHINGTON, J.).

Action by the State of Maryland for the use of Jemima
Smith against the Hagerstown and Frederick Railway Com-
pany. From a judgment for defendant plaintiff appeals.
Affirmed.

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and
OFFUTT, JJ.

*Samuel A. Lewis* and *W. Clinton McSherry*, for the ap-
pellant.

*Leo Weinberg*, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

There is but a single issue in this case, and that has been
practically concluded by numerous previous adjudications of
this Court, so it will be sufficient for the decision of this case
to refer to some of those adjudications.

The suit was brought in the name of the State of Mary-land for the use of Jemima Smith against the Hagerstown and Frederick Railway Company for the killing, by negli-gence of the employees of the company, of Margaret I. Smith, the illegitimate child of the said Jemima Smith.

A demurrer was entered upon the part of the defendant, which was sustained by the Circuit Court for Frederick County and, the plaintiff not amending, a judgment was there entered for the defendant, and from that judgment the present appeal was taken.   The only point to be consid-ered is whether the mother of an illegitimate child can main-tain an action for the wrongful killing of the child.

All the prior decisions of this Court were carefully exam-ined and collected by JUDGE URNER in the case of *Barron* v. *Zimmerman,* 117 Md. 296, and the history of actions of a similar character will be found fully set out in the opinion filed in that case.   At common law, an illegitimate child could neither inherit nor be entitled to receive in the course of distribution from either parent, and conversely the parent could have no claim to any interest or right which the child might have possessed, and this applies as well to cases aris-ing out of a wrong done, as it did to property to which the illegitimate child had acquired a right, title or become pos-sessed of, or for a death caused by reason of a tort.   Under the common law the right of action died with the person so injured or killed.   But following the passage of what is com-monly referred to as *Lord Campbell's Act,* the statute was passed in this State by which a new right of action not theretofore known was given, and the Maryland statute will be found in *Code,* Article 67, Sec. 2.   Under this, the Legis-lature provided that an action might be maintained for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, to be brought in the manner provided in the statute.   Can this legislation give rights to illegitimate children for the benefit of the mother of such illegitimate?   In *Code,* Art. 46, Sec. 30, it is pro-

vided that the illegitimate child or children of any female and issue of any such shall be capable in law to take and inherit both real and personal estate from their mother or from each other or from the descendants of each other, as the case may be.  It will be observed that this statute is limited to taking or inheriting real or personal estate, and a few of the courts of this country, where similar statutes have been enacted, have found in the adoption of the particular statute a legislative intent favorable to an action founded on a tort to the illegitimate, for the benefit of the mother.  The great weight of authority is adverse to this view, as will appear from the citations collected in 3 *R. C. L.,* p. 769, and 17 C. J., p. 1219.

It was thought by some that the adoption of the Workmen's Compensation Act in whole or in part amounted to a reversal of the law in respect to such matters as have been referred to, and it was on this theory that the case of *Scott v. Independent Ice Company,* 135 Md. 343, came before this Court.  In that case, the suit was brought by a woman for the killing of a man with whom she had been living, though not married to him.  It was there held, in a very carefully considered opinion by JUDGE BOYD, that the action could not be maintained even under the Workmen's Compensation Act.  This was followed by the case of the *Wash., B. & A. R. Co. v. State, use of Hall,* reported in 136 Md. 103, in which JUDGE BOYD again reviewed the decisions of this State, but adhered to the rule theretofore laid down.

Courts may very well sympathize with a woman who finds herself in the position that Mrs. Smith does in the present case, but that can afford no justification for departing from long and well established rules of law and construction, and the relief, if any, in such cases, is to be sought from the Legislature, and not from the courts.

The judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*